PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

SEP 2 6 2002

AO 241 (Rev. 5/85)

# United States District Court

| District | LARRY W. PROPES, CLERK COLUMBIA, SC |
|---|---|

| Name  *Thomas Lowery* | Prisoner No. *83240* | Case No. *3:02-3205-25BC* |
|---|---|---|

Place of Confinement  *Kershaw Corr. Inst*
*4848 Goldmine Hwy*
*Kershaw, S.C. 29067*

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| *Thomas Lowery* | V. *Gary Maynard, S.C.D.C Director* |

The Attorney General of the State of:  *South Carolina*

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  *Lee County, South Carolina*

2. Date of judgment of conviction  *Sept 8, 1976*

3. Length of sentence  *Life Plus 10 yrs*

4. Nature of offense involved (all counts)  *(1) 76-GS-13-193 – murder (2) 76-GS-31-192 Robbery (3) 76-GS-31-192-(grand Larceny).*

5. What was your plea?  (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   *Plead To All counts*

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☒

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _____N/A_____

   (b) Result _____

   (c) Date of result and citation, if known _____

   (d) Grounds raised _____

   _____

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _____

   (2) Result _____

   _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒        No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court ___Lee County PCR Court___

        (2) Nature of proceeding ___PCR___

        (3) Grounds raised ___ineffective assistance, conflict of interest,___
        ___Lack of Jurisdiction, involuntary Plea, Fourth and FIFTh Amedment___

AO 241 (Rev. 5/85)

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒   No ☐

(5) Result _Denied_

(6) Date of result _November 10, 1978_

(b) As to any second petition, application or motion give the same information:

(1) Name of court _Lee County_

(2) Nature of proceeding _PCR_

(3) Grounds raised _Counsel failed to Appeal PCR Ruling, and issues raised in first PCR Plea hearing_

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒   No ☐

(5) Result _Denied_

(6) Date of result _Sept. 1, 1998_

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.   Yes ☐   No ☒
(2) Second petition, etc.   Yes ☒   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_(First Petition) Counsel failed to file Appeal for Petitioner. from Nov. 10, 1978 PCR hearing._

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: *Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily.*

Supporting FACTS (state *briefly* without citing cases or law) *See Attached Argument.*

B.    Ground two: *Denial of effective assistance of counsel during plea ( ~~counsel~~ conflict of interest)*

Supporting FACTS (state *briefly* without citing cases or law) *see Attached Argument.*

(5)

AO 241 (Rev. 5/85)

C.    Ground three: _Denial of effective assistance of counsel during_
_Plea_

Supporting FACTS (state *briefly* without citing cases or law) _See Attached_
_Argument._

_____

_____

_____

_____

D.    Ground ~~four~~ seven: _Denial of right of appeal._

_____

Supporting FACTS (state *briefly* without citing cases or law) _Trial Counsel and_
_PCR Counsel failed To Appeal The ~~g~~ guilty Plea and_
_PCR hearing. or Inform Petitioner That he has a right To_
_Appeal. PCR counsel failed To Appeal after Petitioner requested_
_he do so._
_    State failed To apply S.C. Code 15-3-535 To The_
_Discovery of The wrongful injury._

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:
(a)    At preliminary hearing _____

_____

(b)    At arraignment and plea _Robert Jennings, Lee County, Public_
_Defender's office, Bishopville, S.C. 29010_

AO 241 (Rev. 5/85)

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _Thomas P. Cothran_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _Lisa G. Echols____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

Yes ☒          No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐          No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐          No ☐


Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____N/A_____
Signature of Attorney (if any)


I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_SepT. 24, 2002_
(date)

X _Thomas Lowery_____
Signature of Petitioner

(7)

Continued Page 5,Sec."A".

## Ground- One

Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the plea.

### Supporting Facts

On September 8,1976, petitioner plead guilty to indictment number 76-GS-31-192 (Robbery & Grand Larceny), and Indictment number 76-GS-31-193 (Murder). Petitioner contends that his plea violated Federal Criminal Rule 11, because South Carolina does not permit a conviction for both robbery and larceny from the same act. Further, that larceny is a lesser included offense within robbery, and punishment for both offenses arising out of the same incident is impermissible. See State v. Austin, 385 S.E.2d 830, at 832(S.C.1989); State v. Lawson, 305 S.E.2d 249(S.C.1983). See Exhibit "A"( Indictment & Plea)

Petitioner contends that because of the above violation, his plea was unlawfully induced and not made voluntarily with understanding of the nature of the charges and the consequences of the plea. See Boykin v. Alabama, 395 U.S. 238(1969); Strickland v. Washington, 104 S.Ct. 2052.; McCarthy v. United States, 89 S.Ct. 1166, at 1170(1969).


## Ground- One Two

Denial of effective assistance of counsel during plea. (conflict of interest)

### Supporting Facts

Petitioner contends that there was a conflict of interest during his plea, because his codefendant signed statements against him. Petitioner contends that he and his codenfendant had the same lawyer, and that he complained to his counsel about this dual representation.

The Court recognizes that a lawyer forced to represent codefendants whose interest conflict can not provide the adequate legal assistance required by the Six Amendment. Holloway v. Arkansas, 98 S.Ct., at 1177. For that reason, the court has recognized that "the right to counsel is the right to the effective assistance of counsel". McMann v. Richardson, 90 S.Ct. 1441, 1449, note 14. Counsel, however, can also deprive a defendant of the right to effective assistance, simply by failing to render "adequate legal assistance," Cuyler v. Sullivan, 100 S.Ct., at 1716-1719( actual conflict of interest adversely affecting lawyer's performance renders assistance ineffective.)
Petitioner contends t his lawyer was aware that he and his

Petitioner contends that his lawyer was aware that he and his
codefendant had signed statement on each other.  At that time the
lawyer was obligated to inquire into the conflict or at lease advise
the defendants that he could only serve one defendant's interest.

## Ground-Three

Denial of effective assistance of counsel during plea.

### Supporting Facts

As stated in petitioner's ground one, counsel was ineffective for
not advising petitioner that it was impermissible for him to plea
guilty to both larceny and robbery offenses arising out of the same
incident. And for not advising defendant that larceny was a lesser
included offense under South Carolina law. See State v. Lawson, 305
S.E.2d 249.

    Petitioner contends that a guilty plea is open to attack on the
grounds that counsel did not provide the defendant with " reasonably
competent advise."  McMann v. Richardson, 90 S.Ct. 1441, 1448-1449.

This Court must determine if counsel advising petitioner to plea to
both larceny an robbery was "reasonably competent advise."  See
Strickland v. Washington, 104 S.Ct. 2052. See Exhibit "A"(Indictment).

## Ground-Four

Denial of effective assistance of counsel, and Fourth Amendment
illegal arrest.

### Supporting Facts

On May 28,1976, petitioner was arrested without a warrant, and taken
by force to the police station for the sole purpose of questioning,
finger printing and searching.  Petitioner contends his counsel was
ineffective for not investigating, challenging or advising him that
this evidence could be supressed if challenged.  We would remind this
Court of the United States Supreme Court's ruling in Dunaway v. New
York, 99 S.Ct. 2248,at 2253(1979)(Defendant was "seized" in the fourth
amendment sense when he was taken involuntarily to the police station
for questioning). See Sept.8,1976,TR.10-11.
Generally, a warrantless search is per-se unreasonable and thus
violative of the four amendment's prohibition against unreasonable
search and seizures. State v. Bailey, 274 S.E.2d 913(1981).  The
burden of establishing probable cause as well as the existence of

9

circumstances constituting an exception to the general prohibition against warrantless search and seizures is upon the prosecution. See State v. Bultron, 457 S.E.2d 616,621(1995); Vale v. Louisiana, 90 S.Ct. 1969(1970).

The United States Supreme Court declared that evidence seized in violation of the fourth amendment must be excluded in federal criminal proceedings. Weeks v. United States, 34 S.Ct. 341(1914). Later, the Court applied the fourth amendment and its exclusionary rule to the individual States as well. See Mapp v. Ohio, 81 S.Ct. 1684(1961); Wolf v. Colorado, 69 S.Ct. 1359(1949). In parallel, South Carolina Const. art.1§10 contains an express protection of the right to privacy:

" The right of the people to be secure in their persons, houses,papers and effects against unreasonable search and seizures and unreasonable invasions of privacy shall not be violated,..."(emphasis added).

Initially, even in the absence of a specific right to privacy provision, this Court could interpret our State Constitution as providing more protection than the federal counterpart. However, by articulating a specific prohibition against "unreasonable invasions of privacy," the people of South Carolina have indicated that searches and seizures that do not offend the federal constitution may still offend the South Carolina Constitution resulting in the exclusion of the discovered evidence. See State v. Forrester, 541 S.E.2d 837, at 841(S.C.2001). See Sept.8,1976,TR.10-11.

Here, petitioner argued this issue before the PCR Court on October 11,1978, as shown in the transcripts.

### Ground-Five

Denial of effective assistance of counsel, and Fourth Amendment Warrant lacked probable cause.

### Supporting Facts

On May 29,1976, Officer Liston Truesdale, made a affidavit in support of an arrest warrant. This affidavit lacked probable cause, because Officer Truesdale does not list how he obtained the information, but simply states,"Liston Truesdale is a witness to prove same".

Counsel was ineffective for not investigating, challenging, or advising petitioner that the warrant and evidence could be supressed if challenged. See Exhibit "B"( arrest warrants).

As pointed out in <u>State v. Hill,</u> 138 S.E.2d 829, the fourth amendment
,and S.C.Const.art. 1§16, proscribe unreasonable searches and seizures
in identical language, and prohibit the issuance of warrants except
" upon probable cause, supported by oath or affirmation." (Emphisis
added). See <u>State v. York,</u> 156 S.E.2d 326 (S.C.1967)

   In <u>Giordenello v. United States,</u> 357 U.S. 480, at 486(1958), the
United States Supreme Court stated:
"...no warrants shall issue, but upon probable cause, supported by
Oath or affirmation, and particularly describing... the persons or
things to be seized...", <u>of course applies to arrest as well as search
warrants.</u> See also <u>Illinois v. Gates,</u> 103 S.Ct.2317, at 2332(1983).
    In fact, South Carolina Attorney General Office has stated: "The
affidavit must be couched in such language that if the things sworn to
prove to be false the affiant would be guilty of perjury.  See 1940-41
Op.Atty.Gen.at 170.

    Also, South Carolina Attorney General Office has stated: " If the
person who makes the affidavit upon which the warrant is based does
not know the facts sworn to of <u>his own knowledge</u>, then he must give
the source of his information...." See 1940-41 Op.Atty.Gen. at 171.

    It is clear from the October 11,1978 PCR Transcript that Officer
Truesdale did not personally witness the crime.  Counsel should have
challenged the warrant's affidavit, as they were not supplemented by
oral statement before the magistrate. See Exhibit "<u>B</u>"(arrest warrants)

                              Ground-Six
 Denial of effective assistance of counsel during before and during
plea. (Fifth Amendment violation).

                           Supporting Facts
Petitioner contends that his fourth and fifth amendment rights were
violated when Officer Liston Truesdale, arrested him on May 28,1976,
without a warrant. [See exhibit "B", warrant affidavit was not made
until May 29,1976, and the warrant was not issued until July 30,1976.]
    The record will show petitioner was "seized" in the Fourth
Amendment sense when he was taken involuntarily and without an arrest
warrant, to the Bishopville police station. See Sept.8,1976,TR.10-11.
See also, <u>Dunaway v. New York,</u> 99 S.Ct.2248,2253 (1979).
    Furthermore, a confession obtained through custodial
interrogation after illegal arrest should be excluded <u>unless</u>

                                  11

intervening events break causal connection between arrest and
confession so that confession is sufficiently an act of free will to
purge primary taint. See Taylor v. Alabama, 102 S.Ct. 2664 (1982).  We
remind this court that Miranda warnings alone and per-se, cannot
always make act of confession sufficiently a product of free will to
break, for Fourth Amendment purposes, the causal connection between
illegality of arrest and confession.  See Brown v. Illinois, 98 S.Ct.
2254 (1975).

This Court should note that the burden of showing admissibility
of custodial statements taken after an illegal arrest rest on the
prosecution. See Brown v. Illinois, 95 S.Ct. 2254 (1975).

Here, Petitioner states he requested an attorney when Officer
Liston Truesdale first made contact with him on May 28,1976.  When he
refused to talk, he was involuntarily taken to the police station.

Although the State Court failed to undertake the inquiry mandated
by Wong Sun v. United States, 83 S.Ct. at 413, to evaluate the
circumstances of this case in the light of the policy served by the
exclusionary rule, we conclude the State PCR Court failed to sustain
the burden of showing the the evidence in question was admissible.

Again, Petitioner contends his counsel was ineffective for not
challenging or advising him that his statments could be sucessfully
suppressed if challenged.

Wherefore, we pray this petition will be granted.

# 06 GS 31-192

## The State of South Carolina

County of LEE

## COURT OF GENERAL SESSIONS

SEPTEMBER     Term, 19 76

## THE STATE

vs.

MARION GEDDIS and

THOMAS LOWERY

## INDICTMENT FOR

[Armed Robbery]
Robbery and Grand Larceny

True Bill

L. A. Lowry

Foreman of Grand Jury

McCAW PRINTERS, 1210 DEVINE ST., COLUMBIA, S. C.

## Witnesses

Sheriff Liston Truesdale

SLED Lt. J. L. Dollard

SLED Lt. L. E. Gamble

SLED Agent J. T. McNeill

Marvin Kennedy

Roy Lowery

## Verdict

Foreman

**ATTACHMENT**



The State of South Carolina

Thomas Lowery
and
MARian Geddis

LyncHBurG, S. C.

WARRANT OF ARREST

Filed in the

day of

J. F. McLEOD
FILED
JUL 30 1976
LEE COUNTY, S. C.
P. & G. S.

ATTORNEY GENERAL'S OFFICE
RECEIVED 9-28-77
ADMINISTRATIVE INSTRUCTIONS
FILE       OPEN       END
HAVE            COPIES MADE
ROUTE TO
CODE         TRANSCRIPT
PEN RECORDS  CLERK RECORD

OTHER

ATTACHMENT
2

**WARRANT OF ARREST**

**STATE OF SOUTH CAROLINA.**

To the Sheriff of _____ County:

Whereas by inquisition by me held, on _July 23,_ 19 76 at _Bishopville_ it was found that _Mrs. Evelyn Truluck Came to her death by the hands of Thomas Lowery and Marion Geddis._

These are therefore to command you forthwith to apprehend _Thomas Lowery and Marion Geddis_ and bring ~~him~~ them before me, to be dealt with according to law. Herein fail not.

Given under my hand and seal this _23rd_ day of _July_ A. D. 19 76

_Mundie W. Hancock Jr._ L. S.

24

THE STATE OF SOUTH CAROLINA,

COUNTY OF ......Lee......

By ......Junious Mims...... Magistrate

in and for said County and said State.

## TO ANY LAWFUL CONSTABLE

WHEREAS, Complaint upon oath has been made by ......Liston Truesdale......

......That at South Lynchburg, A section of Lee County S.

in the State and County aforesaid, on .....the 28th day of May 1976, at approxamately 1:05 to 1:20 P. M.

one ......Thomas Lowery, did violate Section 16-51 and 16-333 of the Criminal Code of Laws of South

Carolina of 1962 in that Thomas Lowery did commit Murder and Robbery while armed with a Deadly

Weapon, which will be more fully explained below......

THESE ARE THEREFORE, To command you to apprehend the said defendants ......

......Thomas Lowary......

and bring .....him....... before me to be dealt with according to law,

GIVEN under my hand and seal, this ......25th...... day of ......MAY......

one thousand nine hundred and ......76......

......Junous Mims...... (Seal)

Magistrate.

# AFFIDAVIT

THE STATE OF SOUTH CAROLINA,

COUNTY OF ......Lee......

Personally appeared before me ......Junious Mims......

a Magistrate of the said County and the said State ......Liston Truesdale......

who being duly sworn says:

That at, South Lynchburg, a section of Lee County, S.C., on the 28th day of May 1976, betwe
1:05 and 1:20 P. M., One Thomas Lowery did violate Section 16-51 and 16-333 of the Crimi na
Code of Laws of S. C., in that Thomas Lowery did commit Murder and Armed Robbery While Armed
With a Deadly Weapon, in that the said Thomas Lowery did go into Glenn Trulucks store on Hi
way 341, in South Lynchburg and did strike and kill Evelyn Truluck (age 61) who was operati
the store alone at the time, twice with a King Size Coco-cola bottle and when she fell, ope
the cash drawer and did take in access of $380.00 and did leave her to die, This robbery wa
planed with Marion Geddis and carried out with his aid. Against the form of the statute ma
and provided, against the peace and dignity of the State, and Liston Truesdale in a witness
to prove same.

......Liston Truesdale......

SWORN TO AND SUBSCRIBED BEFORE ME

THIS ......29th...... DAY OF ......MAY...... 19 ..76.. (L. S.)

......Junious Mims...... MAGISTRATE.